STEPHEN M. LOBBIN
sml@smlavvocati.com
SML AVVOCATI P.C.
969 Hilgard Avenue, Suite 1012
Los Angeles, California 90024
(949) 636-1391 (Phone)

*Attorney(s) for Battery Conservation Innovations, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| **BATTERY CONSERVATION INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TARGUS US, LLC,**<br><br>**Defendant.** | CASE NO. 8:22-cv-02231<br><br>COMPLAINT<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

Plaintiff Battery Conservation Innovations, Inc. ("Plaintiff" and/or "BCI") files this complaint against Targus US, LLC ("Defendant" and/or "Targus") for infringement of U.S. Patent No. 9,239,158 (hereinafter the " '158 Patent") and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with an address of 1 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33301.

2. On information and belief, Defendant is a Delaware corporation with an address 1211 N. Miller St., Anaheim, CA 92806. On information and belief, Defendant may be served through its agent, CT Corporation System, 330 N. Brand Blvd., Ste. 700, Glendale, CA 91203.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

7. Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident in this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## BACKGROUND

8. On January 19, 2016, the United States Patent and Trademark Office ("USPTO") duly and legally issued the `158 Patent, entitled "Battery-Conserving Flashlight and Method Thereof." The '158 Patent is attached as Exhibit A.

9. Plaintiff is currently the owner of the `158 Patent.

10. Plaintiff possesses all rights of recovery under the `158 Patent, including the exclusive right to recover for past, present and future infringement.

## COUNT ONE

## (Infringement of United States Patent No. 9,239,158)

11. Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 10, the same as if set forth herein.

12. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

13. Defendant has knowledge of its infringement of the '158 Patent, at least as of the service of the present complaint.

14. The '158 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

15. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 15, of the '158 Patent by manufacturing (as identified in the Claim Chart attached hereto as Exhibit B) a Computer Mouse that is an electronic device and any similar products ("Product"), which infringe at least Claim 15 of the '158 Patent. The Computer Mouse is powered through a replaceable battery. The Computer Mouse includes motion sensing capabilities wherein, the Computer Mouse may automatically switch to sleep mode when no movement is detected, Defendant has infringed and continues to infringe the '158 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

16. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '158 Patent Claims, by having its employees internally test and use these Exemplary Products.

17. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

18. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '158 Patent. On information and belief, Defendant has also continued to sell the

Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '158 Patent. See Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

19. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '158 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '158 Patent.

20. Exhibit B includes at least one chart comparing the Exemplary '158 Patent Claims to the Exemplary Defendant Products. As set forth in this chart, the Exemplary Defendant Products practice the technology claimed by the '158 Patent. Accordingly, the Exemplary Defendant Products incorporated in this chart satisfy all elements of the Exemplary '158 Patent Claims.

21. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

22. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

21. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

22. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

23. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b)   Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 9,239,158 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c)   Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d)   Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: December 12, 2022          Respectfully submitted,

/s/ Stephen M. Lobbin

**Attorney(s) for Plaintiff Battery Conservation Innovations, LLC**