1  Michelle E. Armond (SBN 227439)
   michelle.armond@armondwilson.com
2  Josepher Li (SBN 313018)
   josepher.li@armondwilson.com
3  ARMOND WILSON LLP
   4685 MacArthur Court, Suite 390
4  Newport Beach, CA 92660
   Phone: (949) 932-0778
5  Facsimile: (949) 386-1932
6
7  Attorneys for Defendant
   TARGUS US LLC
8
9              IN THE UNITED STATES DISTRICT COURT
10          FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
   _____
12 BATTERY CONSERVATION          )  Case No. 8:22-cv-02231 DOC (DFMx)
   INNOVATIONS, LLC,             )
13                               )  Judge David O. Carter
              Plaintiff,         )
14                               )  **MEMORANDUM IN SUPPORT OF**
        vs.                      )  **DEFENDANT'S MOTION TO**
15                               )  **DISMISS COMPLAINT**
   TARGUS US LLC,                )
16                               )
              Defendant.         )  Hearing Date:   March 6, 2023
17                               )  Time:           8:30 a.m.
                                 )  Ctrm.:          10A
18                               )
   _____   )
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

I.   LEGAL STANDARDS ................................................................ 2

    A.   Direct and Indirect Infringement ..................................... 2

    B.   Indefiniteness ................................................................. 3

II.  ARGUMENT ........................................................................... 3

    A.   The Complaint Does Not Sufficiently Plead Direct Infringement ..................................................................... 4

        1.   The Complaint Entirely Fails To Address The Decoupling Limitation ................................................ 4

        2.   The Complaint Entirely Fails To Address The Controller Limitations ............................................. 6

    B.   The Sole Asserted Claim Is Indefinite As A Matter Of Law ................................................................................... 7

    C.   The Complaint Does Not Sufficiently Plead Indirect Infringement ................................................................... 10

        1.   The Complaint Fails To Plead The Requisite Specific Intent For Induced Infringement .......................... 10

        2.   The Complaint Fails To Plead The Absence of Substantial Non-Infringing Uses For Contributory Infringement ........................................................ 11

III. CONCLUSION ........................................................................ 11

# TABLE OF AUTHORITIES

**Page No(s).**

*Atlas IP LLC v. Pacific Gas and Elec. Co.*,
   No. 15-cv-05469-EDL, 2016 WL 1719545
   (N.D. Cal. Mar. 9, 2016) ........................................................ 2, 5, 6

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) .......................................................... 2

*Blue Spike, LLC v. Vizio, Inc.*,
   No. SA CV 17-1172-DOC (KESx), 2017 WL 5593026
   (C.D. Cal. Nov. 1, 2017) ............................................................... 11

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015) ........................................................................ 2

*Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004) ................................................... 3, 10

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005) ......................................... 3, 7, 8, 9

*Juno Therapeutics, Inc. v. Kite Pharma*,
   No. CV 17-07639 SJO (RAOx),
   2018 WL 1470594 (C.D. Cal. Mar. 8, 2018) ................................... 2

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
   545 F.3d 1340 (Fed. Cir. 2008) ................................................... 2, 10

*Laitram Corp. v. Rexnord, Inc.*,
   939 F.2d 1533 (Fed. Cir. 1991) .......................................................... 2

*Media Rights Techs., Inc. v. Capital One Fin. Corp.*,
   800 F.3d 1366 (Fed. Cir. 2015) .......................................................... 3

*Monument Peak Ventures, LLC v. Toshiba Am. Bus. Sols., Inc.*,
   No. SA CV 19-02181-DOC-DFM, 2020 WL 6050597
   (C.D. Cal. Aug. 12, 2020) ............................................................. 11

*Mosaic Brands, Inc. v. The Ridge Wallet LLC*,
   No. 2:20-cv-04556-AB (JCx), 2020 WL 5640233
   (C.D. Cal. Sept. 3, 2020) ............................................................. 6, 7

*Pure Data Sys., LLC v. Ubisoft, Inc.*,
   329 F. Supp. 3d 1054 (N.D. Cal. 2018) ............................................................ 2

*Rembrandt Data Techs., LP v. AOL, LLC*,
   641 F.3d 1331 (Fed. Cir. 2011) ........................................................... 7, 8, 9

*Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*,
   497 F. Supp. 3d 762 (N.D. Cal. 2020) ............................................................ 6

*TLI Commc'ns LLC Patent Litig.*,
   87 F. Supp. 3d 773 (E.D. Va. 2015), *aff'd*,
   823 F.3d 607 (Fed. Cir. 2016) ......................................................................... 3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ............................................................................................ 1, 3

This is a patent case.  On May 20, 2016, Plaintiff acquired U.S. Patent No. 9,239,158 ("'158 Patent") entitled "Battery-conserving flashlight and method thereof."  Dkt. 1-1 at 1.  Since October 2016, Plaintiff has filed 30 boilerplate lawsuits in federal district courts asserting its flashlight patent against a wide variety of companies, from Sony to Segway.  *See, e.g.*, No. 2:16-cv-01102 (E.D. Tex.); No. 1:19-cv-00850 (D. Del.).  Plaintiff voluntarily dismissed all of these earlier cases.  Only this case against Targus' computer mice remains.

Targus is a global innovator in computer and mobile accessories headquartered in Anaheim, California.  Celebrating its 40th anniversary this year, Targus provides a wide range of quality products from laptop bags and tablet cases to electronic accessories and universal docking stations.

This patent case is entirely without merit and Plaintiff's Complaint (Dkt. 1) should be dismissed under Federal Rule of Procedure 12(b)(6).  Plaintiff implausibly accuses "[u]pon information and belief" a Targus computer mouse of infringing its flashlight patent.  Targus does not make or sell flashlights.  Because the Complaint pleads no cause of action that passes muster, it should be dismissed for any of the following reasons.

***First***, the Complaint fails to plausibly allege that the accused computer mouse meets at least two requirements of the single asserted patent claim.  Claim 15 requires a "controller" that "decouples" a battery from an electronic device after a period when there is no motion.  Dkt. 1 ¶ 15; Dkt. 1-1 ('158 Patent) at 8:20-24.  The Complaint pleads no facts showing either.

***Second***, Claim 15 is invalid on its face for indefiniteness because it is an improper hybrid device and method claim, and thus cannot be infringed.

***Third***, the indirect patent infringement claims should be dismissed because they cannot survive without a plausible allegation of direct infringement and because the Complaint's unsupported, boilerplate allegations are

insufficiently pled.  Plaintiff agreed in email correspondence it was "willing to drop the indirect infringement allegation for the time being."

## I. LEGAL STANDARDS

### A.    Direct and Indirect Infringement

Allegations of direct infringement are "subject to the pleading standards established by *Twombly* and *Iqbal* requiring plaintiffs to demonstrate a plausible claim for relief." *Juno Therapeutics, Inc. v. Kite Pharma*, No. CV 17-07639 SJO (RAOx), 2018 WL 1470594, at \*3 (C.D. Cal. Mar. 8, 2018) (internal quotation marks omitted).  "[S]imply reciting some of the elements of a representative claim and then describing generally how an accused product operates, without specifically tying the operation to any asserted claim or addressing all of the claim requirements, is insufficient." *Atlas IP LLC v. Pacific Gas and Elec. Co.*, No. 15-cv-05469-EDL, 2016 WL 1719545, at \*2 (N.D. Cal. Mar. 9, 2016).  The "failure to meet a single limitation is sufficient to negate infringement of [a] claim." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

Induced infringement and contributory infringement are both forms of indirect patent infringement.  *Pure Data Sys., LLC v. Ubisoft, Inc.*, 329 F. Supp. 3d 1054, 1069 (N.D. Cal. 2018).  Liability for both induced and contributory infringement "require[] knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).  To state a claim for induced infringement, a plaintiff must also sufficiently allege that the accused infringer "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008).  For contributory infringement, a plaintiff must further "plead facts that allow an inference that the components sold or offered for sale have no substantial noninfringing uses." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012).

To prevail under a theory of indirect infringement, a plaintiff must first prove that the defendant's actions led to direct infringement. *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004).

**B.   Indefiniteness**

Section 112, paragraph 2 "requires that the claims of a patent 'particularly point out and distinctly claim the subject matter which the applicant regards as his invention.'" *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1383 (Fed. Cir. 2005) (quoting 35 U.S.C. § 112).  "A claim is considered indefinite if it does not reasonably apprise those skilled in the art of its scope." *Id.* at 1383-84.  As the Federal Circuit explained in *IPXL Holdings*, "Claim 25 recites both the system of claim 2 and a method for using that system. … Thus, it is unclear whether infringement of claim 25 occurs when one creates a system that allows the user to change the predicted transaction information or accept the displayed transaction, or whether infringement occurs when the user actually uses the input means to change transaction information or uses the input means to accept a displayed transaction." *Id.* at 1384.

Indefiniteness is a question of law, *id.* at 1380, and is amenable to judgment under Rule 12.  *See, e.g.*, *TLI Commc'ns LLC Patent Litig.*, 87 F. Supp. 3d 773, 804-05 (E.D. Va. 2015) (granting motion to dismiss because patent claims were "invalid as indefinite"), *aff'd*, 823 F.3d 607 (Fed. Cir. 2016); *Media Rights Techs., Inc. v. Capital One Fin. Corp.*, 800 F.3d 1366, 1368 (Fed. Cir. 2015) (affirming "district court's decision to grant judgment on the pleadings that all claims of [the asserted patent] are invalid for indefiniteness").

## II.  ARGUMENT

Dismissal is appropriate to conserve judicial and party resources from litigating these meritless allegations.  The Complaint fails to plausibly allege that the "decouples the at least one battery from the electronic device" limitation exists in the accused computer mouse and fails to identify any "controller" in the

accused computer mouse.  The Complaint should also be dismissed because asserted Claim 15 improperly claims both a device and a method and is thus indefinite.  Even setting aside both of those deficiencies, the Complaint fails to state a claim for indirect patent infringement and Plaintiff has stated it was willing to drop its indirect infringement claims.

**A.    The Complaint Does Not Sufficiently Plead Direct Infringement**

The Complaint does not state a plausible claim for direct infringement because it fails to allege facts addressing every limitation of the single asserted Claim 15.  Claim 15 is reproduced below and the relevant limitations emphasized.

15. A battery-conserving electronic device comprising:

a body including an opening for accessing an interior of the body;

at least one battery disposed in the body and configured for powering the device;

a controller disposed in the body configured to determine if the body is in motion, wherein if the body is not in motion for a first predetermined period of time, the ***controller decouples the at least one battery from the electronic device*** to conserve energy in the at least one battery; and

a visual indicator disposed on an exterior surface of the body, wherein the ***controller*** activates the visual indicator.

'158 Patent at 8:14-27 (emphases added).

**1.    The Complaint Entirely Fails To Address The Decoupling Limitation**

The Complaint fails to address the "decoupl[ing]" limitation of Claim 15, let alone allege any facts showing Targus' computer mouse performs the "decoupl[ing]" limitation.  Claim 15 requires, among other things, that "if the body is not in motion for a first predetermined period of time, the controller ***decouples*** the at least one battery ***from the electronic device*** to conserve energy

-4-

1   in the at least one battery." '158 Patent at 8:20-24 (emphases added). Whether
2   this language is interpreted as requiring a mere capability in the device or actually
3   performing the step of decoupling, which is unclear as discussed in Section II.B.
4   below, the Complaint fails to plausibly allege either one.

5        *Atlas IP* is instructive. There, the claim limitation at issue required
6   "remotes powering off their receivers … by using the cycle establishing
7   information transmitted from the hub." 2016 WL 1719545, at *3. In granting the
8   motion to dismiss, the court stated that, "even if the Court were to conclude at
9   this juncture that alleging an 'ability' to power off were otherwise sufficient to
10  state a claim for infringement of the powering off limitation, the complaint is
11  devoid of any allegation that the accused device has the ability to power off 'by
12  using the cycle establishing information transmitted from the hub.'" *Id*. at *4.

13      Here, the Complaint merely alleges "[u]pon information and belief" that
14  Targus' computer mouse "may automatically switch to sleep mode when no
15  movement is detected." Dkt. 1 ¶ 15. The Complaint relies on a user's guide that
16  states: "When power is on, the mouse goes into 'sleep mode' after 8 minutes of
17  no use. To activate the mouse, touch the sensor strips on the side with your hand."
18  Dkt. 1-2 at 5. Like in *Atlas IP*, even if the Court concluded that the Complaint's
19  reliance on the accused computer mouse's ability to "go[] into 'sleep mode' after
20  8 minutes of no use" was sufficient to show that it "conserve[s] energy in the at
21  least one battery," the Complaint is devoid of any factual allegations that Targus'
22  mouse does so by "decoupl[ing] the at least one battery" from the rest of the
23  device. *See generally* Dkt. 1 ¶¶ 11-23; Dkt. 1-2 at 2-6.

24      The Complaint not only entirely fails to address the decoupling limitation,
25  but also any allegation that Targus' computer mouse performs the claimed
26  decoupling based on its "sleep mode" feature is facially implausible. Dkt. 1 ¶ 15;
27  Dkt. 1-2 at 5. The "sleep mode" feature cannot plausibly involve "decoupl[ing]
28  the at least one battery from the electronic device," particularly where the

1   Complaint's cited evidence shows that it does not.  The user's guide cited in the
2   Complaint states that after the mouse goes into "sleep mode," it can be activated
3   by "touch[ing] the sensor strips on the side with your hand."  Dkt. 1-2 at 5.  In
4   other words, in "sleep mode," the mouse is actively waiting for a touch sensor to
5   be activated requiring power from the battery and proving that the battery cannot
6   plausibly be decoupled from the rest of the device in sleep mode.  *See, e.g.*,
7   *Sapphire Crossing LLC v. Abbyy USA Software House, Inc.*, 497 F. Supp. 3d 762,
8   765-66 (N.D. Cal. 2020) (court not required to "accept implausible claims" at the
9   pleading stage).

10          By failing to address the decoupling limitation, much less plausibly allege
11   that Targus' computer mouse performs the decoupling limitation, Plaintiff fails
12   to sufficiently plead direct infringement.  *See, e.g.*, *Atlas IP*, 2016 WL 1719545,
13   at *4 ("Because the complaint entirely fails to address this necessary element of
14   claim 1, the claim fails as pled."); *Mosaic Brands, Inc. v. The Ridge Wallet LLC*,
15   No. 2:20-cv-04556-AB (JCx), 2020 WL 5640233, at *4 (C.D. Cal. Sept. 3, 2020)
16   (direct infringement claim "inadequately pleaded" because "the appended claim
17   chart does not 'show in detail the one-to-one correspondence' between the
18   asserted patent claim and the accused product").

19          The direct infringement claim should be dismissed.

20      **2.    The Complaint Entirely Fails To Address The Controller**
21             **Limitations**

22          The direct infringement claim should additionally be dismissed because the
23   Complaint fails to allege that Targus' computer mouse includes a "controller" as
24   required by Claim 15, or plead any facts showing that "the controller decouples
25   the at least one battery from the electronic device" or that "the controller activates
26   the visual indicator" as required by Claim 15.  '158 Patent at 8:14-19 (reciting "a
27   controller disposed in the body" of the battery-conserving electronic device),
28   8:21-23, 8:26-27; *see generally* Dkt. 1 ¶¶ 11-23; Dkt. 1-2 at 2-6.

The Complaint alleges in conclusory fashion that "the Exemplary Defendant Products incorporated in [the Exhibit B] chart satisfy all elements of the Exemplary '158 Patent Claims," Dkt. 1 ¶ 20, but the Exhibit B claim chart neither includes any allegation that Targus' computer mouse includes a controller nor provides any facts tying any controller to "decoupl[ing] the at least one battery from the electronic device" or "activat[ing] the visual indicator" as required by Claim 15. *See generally* Dkt. 1-2 at 2-6. Accordingly, the direct infringement claim is insufficiently pled and should be dismissed. *See, e.g.*, *Mosaic Brands*, 2020 WL 5640233, at *4 ("Plaintiff alleges that Defendant's product 'meets all of the elements of Claim 1, as shown further element-by-element' in a claim chart attached to the [complaint]. But the claim chart contradicts this summary allegation. At least three elements of Claim 1 of the '616 Patent are not plausibly identified in the chart….").

**B.    The Sole Asserted Claim Is Indefinite As A Matter Of Law**

The Complaint fails to state a claim because asserted Claim 15 is invalid as indefinite. "[R]eciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2." *Rembrandt Data Techs., LP v. AOL, LLC*, 641 F.3d 1331, 1339 (Fed. Cir. 2011) (*quoting IPXL Holdings*, 430 F.3d at 1384). "This rule is well recognized." *IPXL Holdings*, 430 F.3d at 1384 (finding indefinite a patent claim that recites both a system and a method).

As shown below, asserted Claim 15 improperly recites method limitations within a device claim. Claim 15 purports to claim a "battery conserving electronic device" but goes on to recite that the controller "decouples the at least one battery from the electronic device" and "activates the visual indicator":

15. *A battery-conserving electronic device* comprising:

a body including an opening for accessing an interior of the body;

at least one battery disposed in the body and configured for powering

the device;

a controller disposed in the body configured to determine if the body

is in motion, wherein if the body is not in motion for a first

predetermined period of time, the controller **decouples the at**

**least one battery from the electronic device** to conserve energy

in the at least one battery; and

a visual indicator disposed on an exterior surface of the body,

wherein the controller **activates the visual indicator**.

'158 Patent at 8:14-27 (emphases added).  Thus, it is impossible to know whether infringement occurs when the device is made or if it must actually perform these two recited steps to infringe.

In *Rembrandt*, the Federal Circuit affirmed the district court's invalidation of similar claims as facially indefinite where the independent claim recited in relevant part:

3. **A data transmitting device** for transmitting signals corresponding

to an incoming stream of bits, comprising:

first buffer means for partitioning …;

fractional encoding means for receiving …;

second buffer means for combining …;

trellis encoding means for trellis encoding …; and

**transmitting the trellis encoded frames**.

*Rembrandt*, 641 F.3d at 1338-40 (emphases added).  Likewise, in *IPXL*, the Federal Circuit affirmed the invalidation of a hybrid system and method claim where the claim read:

The **system of claim 2** [including an input means] wherein the

predicted transaction information comprises both a transaction type

and transaction parameters associated with that transaction type, and

1                 **the user uses the input means** to either change the predicted

2                 transaction information or accept the displayed transaction type and

3                 transaction parameters.

4 *IPXL Holdings*, 430 F.3d at 1383-84 (alteration in original) (bold added).

5       The mixing of a device and a method in asserted Claim 15 is particularly

6 problematic because it is unclear whether infringement occurs when one creates

7 a device where the controller can "decouple[] the at least one battery from the

8 electronic device" and "activate[] the visual indicator," or whether infringement

9 only occurs when the controller actually "decouples the at least one battery from

10 the electronic device" and "activates the visual indicator." *Cf. id.* at 1384.

11 Indeed, elsewhere in Claim 15, the phrases "configured for" or "configured to"

12 are used instead of reciting method limitations. '158 Patent at 8:17-18

13 ("configured for powering the device" instead of "powering the device"), 8:19-20

14 ("configured to determine if the body is in motion" instead of "determining if the

15 body is in motion"). In contrast to those instances using "configured" (which

16 connotes a capability of the device), for the "decouples" and "activates"

17 limitations, the patentee made the deliberate decision to recite method steps

18 (actions) without any indication that mere capability was intended, rendering the

19 claim indefinite.

20       The flaw in Claim 15 is fatal because the Court may not rewrite the claim

21 to preserve its validity. *See, e.g.*, *Rembrandt*, 641 F.3d at 1339 ("[C]ourts may

22 not redraft claims, whether to make them operable or to sustain their validity.").

23 Moreover, amending the Complaint would be futile because the indefiniteness

24 defect here arises solely from the plain language of the claim. The Complaint

25 should be dismissed with prejudice because the sole asserted claim is invalid as

26 indefinite as a matter of law.

27

28

**C.    The Complaint Does Not Sufficiently Plead Indirect Infringement**

Because Plaintiff fails to state a claim for direct infringement, its indirect infringement claims necessarily fail as well.  *Dynacore Holdings*, 363 F.3d at 1272 ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement….").

Even if the Complaint's allegations of direct infringement were deemed sufficient, the Complaint's conclusory assertion that Targus infringes the '158 Patent "through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271" fails to plausibly state a claim for post-suit indirect infringement.[1]  Dkt. 1 ¶ 15.  The Complaint fails to allege: (1) specific intent to support its induced infringement claim, and (2) the absence of substantial non-infringing uses required for contributory infringement.  Recognizing this, Plaintiff already agreed in email correspondence that it was "willing to drop the indirect infringement allegation for the time being."

**1.    The Complaint Fails To Plead The Requisite Specific Intent For Induced Infringement**

The Complaint fails to state a claim for induced infringement because it does not plead Targus' specific intent.  "[T]he specific intent necessary to induce infringement 'requires more than just intent to cause the acts that produce direct infringement.'"  *Kyocera Wireless*, 545 F.3d at 1354 (quoting *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc)).

The Complaint does not plead specific intent, much less allege facts showing that Targus specifically intended to induce infringement.  The Complaint provides merely the conclusory assertion that "Defendant has actively,

---

[1]    The Complaint alleges only post-suit knowledge of the alleged infringement: "The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here."  Dkt. 1 ¶ 17.

knowingly, and intentionally continued to induce infringement of the '158 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '158 Patent." Dkt. 1 ¶ 19.  This is insufficient.  *See, e.g.*, *Monument Peak Ventures, LLC v. Toshiba Am. Bus. Sols., Inc.*, No. SA CV 19-02181-DOC-DFM, 2020 WL 6050597, at *6 (C.D. Cal. Aug. 12, 2020) (dismissing induced infringement claim: "beyond conclusory allegations, the [complaint] does not allege… that Defendants specifically intended to induce infringement").

Plaintiff's induced infringement claim should be dismissed.

**2.    The Complaint Fails To Plead The Absence of Substantial Non-Infringing Uses For Contributory Infringement**

Plaintiff's contributory infringement claim should be dismissed because the Complaint fails to plead a required element that the accused product has no substantial non-infringing uses, let alone allege facts plausibly showing the absence of substantial non-infringing uses.  *See generally* Dkt. 1 ¶¶ 11-23; *see also Blue Spike, LLC v. Vizio, Inc.*, No. SA CV 17-1172-DOC (KESx), 2017 WL 5593026, at *5 (C.D. Cal. Nov. 1, 2017) ("Blue Spike's contributory infringement claims fail because Blue Spike has not pled with specificity how the Accused TV Products lack substantial non-infringing uses.").

**III.  CONCLUSION**

Targus respectfully requests the Court dismiss Plaintiff's Complaint.

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

ARMOND WILSON LLP

Dated: February 6, 2023          By:  /s/  *Michelle E. Armond*
                                      Michelle E. Armond
                                      Joseper Li

                                 Attorneys for Defendant
                                 TARGUS US LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Targus US LLC certifies that this brief contains 3,235 words, which complies with the word limit of L.R. 11-6.1.

ARMOND WILSON LLP

Dated: February 6, 2023          By:   /s/ *Michelle E. Armond*
                                        Michelle E. Armond
                                        Josepher Li

                                 Attorneys for Defendant
                                 TARGUS US LLC

-13-