Michelle E. Armond (SBN 227439)
michelle.armond@armondwilson.com
Josepher Li (SBN 313018)
josepher.li@armondwilson.com
ARMOND WILSON LLP
4685 MacArthur Court, Suite 390
Newport Beach, CA 92660
Phone: (949) 932-0778
Facsimile: (949) 386-1932

Attorneys for Defendant
TARGUS US LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BATTERY CONSERVATION INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> TARGUS US LLC, <br><br> Defendant. | Case No. 8:22-cv-02231 DOC (DFMx) <br><br> Judge David O. Carter <br><br> **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT** <br><br> Hearing Date: April 10, 2023 <br> Time: 8:30 a.m. <br> Ctrm.: 10A |

## I. INTRODUCTION

Plaintiff provides no basis to deny the Motion to Dismiss. Despite acknowledging its indirect infringement claims should be dismissed, Plaintiff has neglected to do so for over two months. On direct infringement, Plaintiff identifies no factual allegations pled in the Complaint showing that Targus' computer mouse satisfies the "decouples" and "controller" limitations of the sole asserted patent claim, and has no response that its allegations for these limitations are implausible. The asserted patent is facially indefinite, and Plaintiff's conclusory assertion that it really intended to claim an apparatus does not resolve the *IPXL* defect that the asserted claim provides no clarity whether it is infringed by the device itself, or by using the device.

Instead of addressing Targus' arguments on the merits, Plaintiff asks for the Motion to be denied for failing to meet and confer under Local Rule 7-3. As Targus explained in its Notice of Motion, it more than satisfied its obligations. Dkt. 18. Eleven days after Targus first requested a meet and confer under Rule 7-3, and had exchanged correspondence with Plaintiff's counsel Mr. Johnson about this Motion, his law firm staff first informed Targus on the January 30 Rule 7-3 deadline that Mr. Johnson was seriously ill and transitioning to hospice care. Ex. A at 3. Targus expressed its "deepest sympathies" for him and his family, immediately told Mr. Johnson's staff it was "amenable to a reasonable extension on Plaintiff's deadline to respond" to the Motion, and asked "if there is anything else we can do to assist." *Id.* at 3-4. Targus did in fact assist—it helped Mr. Johnson's staff prepare Plaintiff's 30-day extension request to oppose this Motion to allow Plaintiff to retain new counsel, Ex. A at 1-2, 8-11, which was granted by the Court, Dkt. 22.

After the Court granted the extension, Plaintiff's new counsel Mr. Garteiser contacted Targus' counsel in February to "say thank-you for working with

Stephen to file a joint extension relating to your clients' Motion to Dismiss as we take over this litigation under very sad circumstances." Ex. B.

Unfortunately, the following month Mr. Garteiser has changed his tune and asks the Court for sanctions purportedly because Targus lacks "common decency" and "harm[s] Plaintiff by not allowing Plaintiff time to obtain new counsel and get that counsel brought up to speed." Dkt. 23 ("Opp.") at 12. His representations couldn't be further from the truth.

## II. TARGUS COMPLIED WITH LOCAL RULE 7-3

As explained in Targus' Notice of Motion, Targus contacted Plaintiff eleven days before the deadline to request a meet and confer under Local Rule 7-3. Dkt. 18; Ex. A at 7; Opp. at 2. It complied with the rules. *See, e.g.*, *Cilluffo v. Central Refrigerated Servs.*, No. EDCV 12-00886 VAP (OPx), 2012 WL 8539805, at *2 (C.D. Cal. Dec. 13, 2012) (L.R. 7-3 satisfied where "Defendants asked Plaintiffs whether they sought to oppose the motion and notified Plaintiffs that the e-mail constitutes Defendants' attempt to comply with Local Rule 7-3"); *Pate v. Ameriquest Mortg. Co.*, No. SACV 12-464 DOC (MLGx), 2012 WL 12950618, at *1 (C.D. Cal. May 31, 2012) ("Defendant's counsel made a good faith effort to satisfy Local Rule 7-3 by contacting Plaintiffs on April 13, 2012, while on the other hand, Plaintiffs made no effort to return the phone call.").

But Targus did not stop there. It conferred with Mr. Johnson about the basis of this Motion on January 23, 2023. Ex. A at 6; Opp. at 2-3. From January 23 until the January 30, 2023 Rule 7-3 deadline, Targus exchanged four emails with Plaintiff's counsel seeking a telephonic meet and confer. Ex. A at 5-7; Opp. at 2-3. Plaintiff never agreed to one. *See id*. On January 27, Plaintiff's law firm staff stated Plaintiff "is in process of retaining new lead counsel," asked for a 30-day extension, and only informed Targus the following Monday, January 30 that Mr. Johnson was seriously ill. Ex. A at 3-4.

After Targus filed this Motion on the February 6, 2023 deadline, Targus helped Mr. Johnson's staff prepare a request for a 30-day extension to Plaintiff's Opposition deadline. *See* Ex. A at 1-2, 8-11 (redlines provided by Targus). Plaintiff then filed an Opposition on the extended deadline. Plaintiff's inability to show any prejudice further shows that denying this Motion under L.R. 7-4 is unwarranted. *See, e.g.*, *Craftwood II, Inc. v. Wurth Louis & Co.*, No. SACV 17-0606-DOC (KES), 2017 WL 4286605, at *3 (C.D. Cal. Sept. 20, 2017) (denying relief under L.R. 7-4 because "any prejudice to Plaintiff… was likely cured by the Court's Order… which gave Plaintiff a month from the time the Motion was filed to file its Opposition").

Plaintiff's citation to *Mosaic Brands* does not support its cause because there the Court considered and granted the defendant's motion to dismiss on the merits despite noncompliance with Rule 7-3. *Mosaic Brands v. Ridge Wallet*, No. 2:20-cv-04556-AB (JCx), 2020 WL 5640233, at *3, 6 (C.D. Cal. Sept. 3, 2020).

## III. PLAINTIFF'S INDIRECT INFRINGEMENT CLAIMS SHOULD BE DISMISSED

Plaintiff acknowledges it agreed to drop its indirect infringement claims two months ago. Opp. at 3; Ex. A at 6. But it never did, and never explains the delay. *See* Opp. at 3. Dismissal with prejudice is appropriate. *See, e.g.*, *Joao Control & Monitoring Sys. v. Sling Media, Inc.*, No. C-11-6277 EMC, 2012 WL 3249510, at *8-9 (N.D. Cal. Aug. 7, 2012) (granting motion to dismiss indirect infringement claims with prejudice where "Plaintiff agreed in a meet-and-confer that it would drop its indirect infringement claims").

## IV. THE COMPLAINT FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT

Plaintiff points to nothing in its Complaint showing that the accused computer mouse includes the "decoupl[ing]" and "controller" limitations of asserted Claim 15. *See* Opp. at 7-10. Instead, it refers to other claim limitations

and cites to a new document, Exhibit 4. *See id.* at 7-8 (discussing "preamble," "first claim limitation," and "second claim limitation"); Dkt. 23-4 ("Exhibit 4"). The other limitations are irrelevant. Exhibit 4 was not included with the Complaint and cannot be considered. *See, e.g.*, *RingCentral, Inc. v. Nextiva, Inc.*, No. 19-cv-02626-NC, 2020 WL 978667, at *3 n.3 (N.D. Cal. Feb. 28, 2020) ("[Plaintiff] attached to their opposition a copy of the review identified in paragraph 22(j) of the first amended complaint. However, on a motion to dismiss, the Court cannot consider facts not included with the complaint or subject to judicial notice.").

Plaintiff does not dispute that infringement allegations that fail to plausibly allege every claim limitation is met must be dismissed. Dkt. 18-1 ("Mot.") at 5-7; *see also Int'l Techs. & Sys. Corp. v. Samsung Elecs. Co. Ltd.*, No. SA CV 17-1748-DOC (JDEx), 2018 WL 4963129, at *6 (C.D. Cal. June 22, 2018) ("Plaintiff's failure to plead sufficient factual support to plausibly allege that the Accused Devices practice **each limitation** of the asserted claims means that Plaintiff fails to state a claim for direct infringement." (emphasis added)).

Instead, Plaintiff's only response is to ask the Court to rely on the patent itself to supply the factual allegations missing from the Complaint. *See* Opp. at 9. But unsurprisingly, the '158 Patent does not explain how Targus' computer mouse allegedly practices any claim. That the patent includes words and diagrams does not fill the gap on pleading factual support putting Targus on notice for how its accused computer mouse allegedly infringes the flashlight patent. *See Juno Therapeutics, Inc. v. Kite Pharma*, No. CV 17-07639 SJO (RAOx), 2018 WL 1470594, at *3 (C.D. Cal. Mar. 8, 2018) ("[A]llegations of direct infringement are now subject to the pleading standards established by *Twombly* and *Iqbal* requiring plaintiffs to demonstrate a plausible claim for relief." (citation and internal quotation marks omitted)).

Plaintiff never addresses Targus' argument that the infringement allegations are necessarily implausible because the battery cannot be decoupled for the accused sleep mode to function properly. *See* Opp. at 7-10; Mot. at 5-6. That alone warrants dismissal of the sole patent infringement claim. *See, e.g.*, *Fernandez v. Citigroup Mortg. Loan Trust, Inc.*, No. SA CV 19-02519-DOC-JDE, 2020 WL 6162149, at *5 (C.D. Cal. Aug. 17, 2020) (dismissing claim with prejudice: "Courts in this district, and many others, have found a failure to address an argument in opposition briefing constitutes a concession of that argument.").

## V. THE ASSERTED PATENT CLAIM IS INDEFINITE

Plaintiff has no answer for the fact that the asserted patent is facially invalid and should be disposed of under Rule 12. *See* Opp. at 10-12; Mot. at 3 (citing *TLI Commc'ns* and *Media Rights Techs.*). Instead, Plaintiff speculates, without citation to legal authority, that claim construction and unspecified expert testimony are necessary to resolve the issue. Opp. at 11. Yet courts have "relied solely on the plain language of the claims" as dispositive on this issue. *Lecat's Ventriloscope v. MT Tool & Mfg.*, 351 F. Supp. 3d 1100, 1113 (N.D. Ill. Nov. 20, 2018).

Plaintiff responds by repeatedly asserting that "Claim 15 of the '158 Patent is an apparatus claim." Opp. at 11; *id.* ("Again, Claim 15 is an apparatus claim…."). But Plaintiff never addresses the specific method limitations Targus identified—"***decouples*** the at least one battery from the electronic device" and "***activates*** the visual indicator." Mot. at 7-8. Nor does Plaintiff distinguish Claim 15 from the Federal Circuit's *Rembrandt* decision affirming invalidation of a "data transmitting device" claim that required the method limitation "***transmitting*** the trellis encoded frames." *Rembrandt Data Techs. v. AOL*, 641 F.3d 1331, 1338-40 (Fed. Cir. 2011) (emphasis added); *see also* Mot. at 8.

Plaintiff argues that Targus pointing out that hybrid apparatus-method Claim 15 results in ambiguity as to when infringement occurs is "ridiculous." *See*

Opp. at 11; Mot. at 9. But that was precisely the issue in *IPXL Holdings*, where the Federal Circuit explained that the indefinite hybrid claim 25 makes it "unclear whether infringement of claim 25 occurs when one creates a system that allows the user to change the predicted transaction information…, or whether infringement occurs when the user actually uses the input means to change transaction information…." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005). Claim 15 of the '158 Patent presents precisely the same issue.

## VI. PLAINTIFF WAS NOT HARMED IN THE THIRTY-SEVEN DAYS IT HAD TO RESPOND TO THE MOTION TO DISMISS

Plaintiff concludes its Opposition by requesting sanctions, alleging that Targus engaged in "gamesmanship" and lacked "common decency" after learning that Mr. Johnson was sick. Opp. at 11. Mr. Johnson himself conferred with Targus about the motion on January 23, 2023. Ex. A at 6. Targus had no idea Mr. Johnson was ill until a week later when his law firm staff informed them, and Targus immediately agreed to an extension to allow Plaintiff "time to retain new counsel." *Id.* at 3-4.

Plaintiff at first thanked Targus for helping, but in Opposition changes its tune:

| Mr. Garteiser on February 15 | Mr. Garteiser on March 15 |
|---|---|
| "Dear Counsel for Targus: I just wanted to reach out and say thank-you for working with Stephen to file a joint extension relating to your clients' Motion to Dismiss as we take over this litigation under very sad circumstances." Ex. B at 1. | "Defendant [Targus] created undue harm on Plaintiff by not allowing Plaintiff time to obtain new counsel and get that counsel brought up to speed." Opp. at 12. |

1. Plaintiff claims it was harmed because "Defendant to run to courthouse [*sic*] to try and get a 'win' under L.R. 7-12 for failure of Plaintiff to file an opposition due to unavailability of its lead counsel." Opp. at 12. But that's the opposite of what actually happened. Once it was aware of Mr. Johnson's medical issues, Targus immediately agreed to the extension and even helped Mr. Johnson's staff prepare their extension request while Plaintiff sought new counsel. Ex. A at 1, 8-11. The Court granted the extension, and Plaintiff timely filed its Opposition on the extended deadline. Dkts. 22, 23.

Plaintiff asserts it would have preferred Targus not file this Motion and "simply answered the complaint." Opp. at 5. But Plaintiff's former attorney's illness does not alter Targus' deadline to respond to the Complaint.

Targus met its deadline and then helped Plaintiff obtain the extension it needed in its time of crisis. *See* Ex. A; *see also, e.g.*, *Anderson v. Hain Celestial Grp.*, No. SACV 13-1747-DOC (ANx), 2014 WL 2967603, at *3, 6 (C.D. Cal. July 1, 2014) (L.R. 7-3 satisfied and also explaining that "sanctions are not appropriate where there is no prejudice to be remedied"); *Alloure, Inc. v. FA, Cooperative, Inc.*, No. SACV 08-0614 DOC (RNBx), 2009 WL 10673189, at *7 (C.D. Cal. Dec. 16, 2009) (denying sanctions for alleged failure to comply with L.R. 7-3).

Targus' documented conduct speaks for itself, and Targus is disappointed it even needs to respond to Mr. Garteiser's request for sanctions.

## VII. CONCLUSION

Targus respectfully requests the Court dismiss Plaintiff's Complaint with prejudice.

///
///
///
///

                                          Respectfully submitted,

                                          ARMOND WILSON LLP

Dated: March 27, 2023                By: /s/ *Michelle E. Armond*
                                                     Michelle E. Armond
                                                       Josepher Li

                                          Attorneys for Defendant
                                          TARGUS US LLC

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Targus US LLC certifies that this brief contains 2,143 words, which complies with the word limit of L.R. 11-6.1.

                                          ARMOND WILSON LLP

Dated: March 27, 2023                By: /s/ *Michelle E. Armond*
                                                     Michelle E. Armond
                                                     Josepher Li

                                          Attorneys for Defendant
                                          TARGUS US LLC